UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RONALD HOLTZ,<br><br>                    Plaintiff,<br><br>          v.<br><br>JOELLA PHILLIPS, Physician Assistant; PETER BECK, MSW, M-Div, Mental Health Program Manager; WASHINGTON DEPARTMENT OF CORRECTIONS, SECRETARY BERNARD WARNER, ACTING ASSISTANT SECRETARY KEVIN BOVENKAMP, DEPUTY DIRECTOR SCOTT R. FRAKES, (DOC) MANAGER/MEDICAL DIRECTOR ROY GONZALEZ, (DOC) HEALTH CARE MANAGER MARY JOE CURREY, COYOTE RIDGE CORRECTIONS CENTER, SUPERINTENDENT JEFFREY UTTEHT, HEALTH CARE MANAGER DARREN CHLIPALA, DR. B. RODRIGUEZ, PSYCHIATRIST DR. MICHAEL REZNICEK, WASHINGTON STATE PENITENTIARY, SUPERINTENDENT, STEVEN SINCLAR, MEDICAL DIRECTOR JAMES EDWARDS, DR. F. SMITH, MENTAL HEALTH PHYSICIAN MELANIE HOWARD, AMERICAN DISABILITIES SPECIALIST HOLLY DE/CAMBRE (DOC), in official and individual capacities, CHIEF MEDICAL OFFICER G. STEVEN HAMMOND, PH.D.,<br><br>                    Defendants. | No.  4:CV-14-5018-EFS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR TEMPORARY RESTRAINING ORDER** |

Before the Court are two motions filed by Plaintiff Ronald Holtz: 1) Motion to Strike, ECF No. 119, and 2) Motion for Temporary Restraining Order/Preliminary/Prospective Relief, ECF No. 120.  Both

ORDER - 1

motions are opposed by Defendants. After reviewing the record and relevant authority, the Court is fully informed and denies both motions.

First, Mr. Holtz asks the Court to strike Defendants' July 2, 2014 Amended Answer, ECF No. 110, because it was filed more than twenty-one days after service of process, without the Court's permission. Because the Court previously gave the non-Department-of-Corrections Defendants (who were unserved at that time) leave to file an answer within sixty days after a courtesy copy of the Complaint was mailed to the Washington State Attorney General's Office, ECF No. 68, and the Amended Answer was filed within this time frame, the Court denies Mr. Holtz's Motion to Strike.

Second, the Court declines to issue the requested preliminary relief. Mr. Holtz requests the Court require Washington State Department of Corrections (DOC) to 1) release him from the Intensive Management Unit (IMU), 2) refrain from further retaliatory actions, 3) provide him with a medical wedge, and 4) restore his release date to January 26, 2015. In support of these requests, Mr. Holtz declares that his access to the law library and copies of legal documents has been denied, his medical conditions require a medical wedge, medical personnel have refused to see him, and his classification level and release date have been negatively adjusted in retaliation for his pursuit of his legal and medical rights.

Many of these requests pertain to classification matters: matters that do not relate to the claims asserted by Mr. Holtz in his Complaint, which seeks relief for violations of his Eighth Amendment

ORDER - 2

right to be free from cruel and unusual punishment in that Defendants have been deliberately indifferent to his medical needs. Accordingly, the Court declines to address Mr. Holtz's request that he be released from the IMU and his release date be restored, actions that are dependent upon his inmate classification level. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) (recognizing that the court must limit injunctive relief to matters that are before the court).

As to the matters that pertain to this lawsuit, *i.e.*, Mr. Holtz's claim that he must have a medical wedge and he has been denied access to his legal materials, the prison library, and ability to make legal telephone calls, the Court finds that Mr. Holtz failed to show that he is entitled to this extraordinary prospective relief. *See Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 747 (9th Cir. 2014) (recognizing that a preliminary injunction is an extraordinary remedy). Beginning with Mr. Holtz's medical concerns, the record indicates that Mr. Holtz is seen at Stafford Creek Corrections Center by Dr. Strick or another doctor as needed, and that he is seen by other medical personnel on a more regular basis if he submits a kite specifically requesting sick call. Although Mr. Holtz has yet to be provided a wedge, Mr. Holtz was given the opportunity to ask Sergeant Slvaggi for an extra blanket to elevate his upper body. July 1, 2014 Offender's Kite, ECF No. 120-2. Mr. Holtz disagrees that a blanket, rather than a wedge, is sufficient to prop his upper body while he sleeps to reduce the symptoms he experiences from his gastroesophageal reflux disease and other medical conditions. However, a difference in

medical opinion regarding treatment does not amount to deliberate indifference to his medical needs. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

The Court is concerned with Mr. Holtz's statement that PAC Gregory Schaller refused to see him, ECF No. 120 at 5. In response, Dr. Steven Hammond, who is DOC's Chief Medical Officer, advised that he does not recall an incident where PAC Schaller refused to see Mr. Holtz. ECF No. 126 ¶ 5. To ensure that such an event did not occur for an inappropriate reason, and to help ensure that Mr. Holtz receives appropriate medical care, the Court requires DOC to file a declaration from PAC Schaller regarding any such alleged incident. This declaration shall be filed no later than **September 12, 2014**; Mr. Holtz is given leave to file a declaration responding to the subjects discussed by PAC Schaller no later than **September 30, 2014**. Yet, even assuming at this time that PAC Schaller refused to see Mr. Holtz on one occasion, Mr. Holtz failed to show that this refusal caused sufficiently serious harm to his health and safety. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) ("Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show deliberate indifference to serious medical needs.") (internal quotation removed)). For these reasons, the Court denies Mr. Holtz's request for prospective medical relief.

In addition, the record reflects that DOC responds in a reasonable time and manner to Mr. Holtz's many Offender's Kites and grievances. Mr. Holtz failed to show that DOC's responses to his requests for legal telephone calls impermissibly infringe on his

ORDER **-** 4

1  ability to pursue this lawsuit.  Rather, the record reflects that on
2  May 30, 2014, DOC staff advised him that staff would place Mr. Holtz
3  at a location that he could make a legal telephone call the next day
4  at 9:00 a.m.; on June 13, 2014, Mr. Holtz was advised that he could
5  work with his unit sergeant and floor staff as outlined in the IMU
6  handbook to place legal telephone calls; on June 15, 2014, Mr. Holtz
7  was reminded to review the IMU handbook for specific directions as to
8  how to schedule a legal call; and again on June 16, 2014, Mr. Holtz
9  was reminded to read the IMU handbook at page 9 regarding placing
10 legal telephone calls.  ECF No. 120-2.  There is no evidence that Mr.
11 Holtz's ability to obtain copies of legal documents or access law
12 library materials is impermissibly hindered.  *See Lewis v.* Casey, 518
13 U.S. 343, 351 (1996).  In summary, Mr. Holtz failed to show that he is
14 being denied "meaningful access to the court[]."  *Bounds v. Smith*, 430
15 U.S. 817, 823 (1977).

16    For the above-given reasons, **IT IS HEREBY ORDERED**:
17    1.   Mr. Holtz's Motion to Strike, **ECF No. 119**, is **DENIED**.
18    2.   Mr. Holtz's Motion for Temporary Restraining Order/
19         Preliminary/Prospective Relief, **ECF No. 120**, is **DENIED**.
20    3.   Defendant DOC shall file no later than **September 12, 2014,**
21         a declaration from PAC Gregory Schaller regarding his
22         contact or lack of contact with Mr. Holtz; Mr. Holtz may
23         file a declaration responding to the subjects discussed by
24         PAC Schaller no later than **September 30, 2014**.
25    **IT IS SO ORDERED**.  The Clerk's Office is directed to enter this
26 Order and forward a copy to Plaintiff and counsel.

1    **DATED** this   28th    day of August 2014.

3                    s/Edward F. Shea
                    EDWARD F. SHEA
4            Senior United States District Judge

Q:\EFS\Civil\2014\5018.tro.strike.lc1.docx

ORDER **-** 6